UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY ALEOBUA, et al.,

    Plaintiffs,                         Civil Action No.
                                          14-cv-12932

vs.

                                          HON. MARK A. GOLDSMITH

UNITED WELLNESS COMMUNITY,
LLC, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT (Dkt. 15)

Plaintiffs Stacey Aleboua and Amber Brown bring this action on behalf of themselves, and on behalf of a putative collective class, against Defendants United Wellness Community, LLC, Ikechukwu Odum, Sr., Ikechukwu Odum, Jr., Nneka Odum, Naly Odum, and Micholdings, Inc. Plaintiffs allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the Bullard Plawecki Employee Right to Know Act, Mich. Comp. Laws § 423.501, et seq.

Thomas Bourque entered an appearance on behalf of all of the Defendants except United Wellness Community, LLC, and he filed an Answer to the Complaint on those Defendants' behalf. Defendant United Wellness Community, LLC has neither filed an appearance nor a response to the Complaint.

Plaintiffs sought and obtained an entry of default against United Wellness Community, LLC from the Clerk of the Court (Dkts. 12, 13). Plaintiffs now request the Court enter a default judgment against this Defendant, on behalf of themselves and the putative collective class. Plaintiffs also ask the Court to defer entering a specific monetary amount for the judgment until

1

further discovery can be accomplished (Dkt. 15).   The Court held a hearing on Plaintiffs' renewed motion for default judgment on November 12, 2014.[1]

Based on the representations made at the hearing, as well as the Court's independent review of the record, the Court grants Plaintiffs' motion, in part.  The Court enters a default judgment against United Wellness Community, LLC, and in favor of Plaintiffs Aleobua and Brown, individually.  However, the Court declines to enter a default judgment against United Wellness Community, LLC on behalf of the putative collective-class members at this time.  As Judge Ludington explained in Brown v. City of Detroit, No. 10-12162, 2012 WL 4470433, at *8 (E.D. Mich. Sept. 27, 2012), the Court must first determine whether class certification is appropriate before it may decide whether to enter a default judgment in favor of the entire class. "These two questions must be addressed in this order because absent class certification, no default as to the (nonexistent) class can be made."  Id.; see also Davis v. Hutchins, 321 F.3d 641, 648-649 (7th Cir. 2003); Partington v. Am. Int'l Specialty Lines Ins. Co., 443 F.3d 334, 341 (4th Cir. 2006); Lagos v. Monster Painting, Inc., No. 11-00331, 2013 WL 5937661, at *5 (D. Nev. Nov. 5, 2013) ("Only where the class has been properly certified under [Federal Rule of Civil Procedure] 23 may a court adjudicate the rights of putative class members.").

At this time, it is unclear whether a collective class will exist throughout this case, and, if so, who is a member of that class.  When Plaintiffs filed their renewed motion for default judgment, they had not yet requested the Court to even conditionally certify a collective class, and thus there was no class on whose behalf the Court could enter a default judgment.  Furthermore,

---

[1] Plaintiffs filed their original motion for default judgment before obtaining an entry of default from the Clerk.  The Court denied this motion as procedurally improper.  9/11/14 Order (Dkt. 11).  Plaintiffs then filed the instant renewed motion for default judgment after obtaining an entry of default.

the parties do not yet know whether any individual will choose to opt in to the class, thereby becoming a party to the litigation. See O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 583 (6th Cir. 2009) ("These opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action."). Indeed, until the opt-in period has ended, there is no way to know in whose favor the default judgment would apply, i.e., who is a member of the collective class. It also is unknown whether any conditionally-certified collective class will remain in tact throughout the litigation, or whether decertification will become appropriate after the notice period has expired. Id. (explaining the two-step process of conditional certification and then considering decertification). Accordingly, the Court declines to enter a default judgment against United Wellness Community, LLC on behalf of the putative collective-class members at this time. Plaintiffs may renew their request at a later date.

The Court also grants Plaintiffs' request to defer determining the specific monetary amount of the default judgment until appropriate discovery may be completed.

Accordingly, the Court grants, in part, and denies, in part, Plaintiff's renewed motion for default judgment (Dkt. 15).

SO ORDERED.

Dated: November 13, 2014
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2014.

s/Johnetta M. Curry-Williams
CASE MANAGER

3